# United States District Court
# Western District of Washington

| | |
|---|---|
| **William Sherman,**<br><br>                    **Plaintiff,**<br>**v.**<br><br>**United Recovery Systems, LP;**<br>**Midland Funding, LLC; and**<br>**Gordon, Aylworth & Tami, P.C.;**<br><br>                    **Defendants.** | **Case No:**<br><br>**Complaint for Damages for Violations of the Fair Debt Collection Practices Act and Violations of the Consumer Protection Act**<br><br>**Jury Trial Demanded** |

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of

---

**COMPLAINT**                                          1                          **KAZEROUNI LAW GROUP**
                                                                                  **2633 E. INDIAN SCHOOL ROAD, SUITE 460**
                                                                                  **PHOENIX, AZ 85016**
                                                                                  **P: (602) 900-1288**

jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. William Sherman, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of United Recovery Systems, LP ("United"), Midland Funding, LLC, ("Midland"), and Gordon, Aylworth & Tami, P.C. ("GAT") (or jointly as "Defendants"), with regard to attempts by Defendant to unlawfully and abusively collect a debt alleged to be owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to a plaintiff, which Plaintiff alleges on his personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All the conduct engaged in by Defendant took place in the Western District of Washington.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

**Jurisdiction and Venue**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Washington Consumer Protection Act, RCW § 19.86.020.

9. Because all Defendants do business within the State of Washington, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because the events leading to the cause of action occurred in the City of Puyallup, County of Pierce, State of Washington.

11. At all times relevant, Defendants conducted business within the State of Washington.

**Parties**

12. Plaintiff is a natural person who resides in the City of Puyallup, County of Pierce, State of Washington.

13. Midland is located in the State of Delaware and does business in the County of Pierce, State of Washington.

14. Midland's registered agent is located in the City of Tumwater, State of Washington.

15. United is located in the State of Texas and does business in the County of Pierce, State of Washington.

16. United's registered agent is located in the City of Olympia, State of Washington.

17. GAT is located in the State of Oregon and does business in the County of Pierce, State of Washington.

18. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

///

///

**Factual Allegations**

20. Sometime before July 2012, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. Sometime thereafter, but before July 2012, Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt.

23. Subsequent to the alleged default, but before July 2012, the alleged debt was assigned, placed, or otherwise transferred, to United for collection.

24. United attempted to collect the alleged debt by sending Plaintiff letters and calling Plaintiff in or around July 2012.

25. Plaintiff agreed to pay the alleged debt to United.

26. Plaintiff and United reached an agreement whereby Plaintiff would make payments of $170 for 24 months to United.  Under the agreement, if Plaintiff made all 24 payments, the alleged debt would be satisfied.

27. Plaintiff started making payments by allowing United to automatically withdraw payments from Plaintiff's bank account in or around August 2012 and successfully made all 24 payments of $170 to United.

28. Plaintiff rightfully assumed the alleged debt was satisfied and the account had been closed.

29. Surprisingly, instead of closing Plaintiff's account, United transferred and/or sold the account to another debt collector, Midland.

30. United knew the alleged debt had been satisfied, but still willfully transferred the satisfied debt to Midland anyway.

31. Plaintiff was very upset when he found out the debt had been transferred after paying it off over two years.

32. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

33. Through this conduct, United Recovery Systems, LP violated the Washington Consumer Protection Act, RCW § 19.86.020 by deceiving Plaintiff by selling an account that was already satisfied, causing Plaintiff to have to pay twice on the same debt.

34. In or around the beginning of April 2015, Midland sent a collection letter to Plaintiff for the same debt as Plaintiff had made payments on for two years to United. In this letter, Midland claimed Plaintiff owed $3,260.00.

35. Midland sent a subsequent letter on or around May 1, 2015 stating that Plaintiff owed $3,260 on the same alleged debt.

36. Midland subsequently continued to try to collect the alleged debt.

37. In or around October 2015, a law firm, Gordon, Aylworth & Tami ("GAT"), called Plaintiff and attempted to collect the same alleged debt.

38. GAT subsequently continued to attempt to collect the alleged debt.

39. In or around March 2016, Plaintiff sent a letter to GAT via email disputing the alleged debt owed.  In this email, Plaintiff informed GAT that he previously had paid the alleged debt in full to United.

40. Despite being informed that Plaintiff had satisfied the debt, GAT sent a letter to Plaintiff in or around April 2016 confirming that Plaintiff owed the debt.

41. Plaintiff was felt hopeless and frustrated that Midland and GAT did not reasonably investigate his dispute and continued to assert that Plaintiff owed this debt that had been satisfied.

42. In addition, Plaintiff called United and spoke to a representative, Kenneth Frank.

43. Despite Plaintiff possessing multiple items of correspondence from United addressed to Plaintiff, Mr. Frank notified Plaintiff that he did not know who Plaintiff was and that Plaintiff and his account were not in the United database.

44. On or around June 10, 2016, Plaintiff was served with a summons and complaint filed by Midland against Plaintiff for the alleged debt owed.

45. Plaintiff was emotionally distraught that no matter what he did, Midland and GAT continued to attempt to collect a debt that Plaintiff did not owe.

46. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendants violated 15 U.S.C. § 1692f(1).

47. Through this conduct, Midland and GAT made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

48. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

49. Through this conduct Midland and GAT violated RCW § 19.86.020 by using a deceptive act in collecting the alleged debt *twice* from Plaintiff.

50. Through this conduct United violated RCW § 19.86.020 by selling the alleged debt to a third party that United knew was satisfied.

51. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting his job and personal relationships.

## Causes of Action

### Count I
### Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692 et seq.
### (All Defendants)

52. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

54. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

**Count II**
**Consumer Protection Act**
**RCW 19.86.020**
**(All Defendants)**

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. United engaged in a deceptive act by selling a debt to Midland that was fully satisfied.

57. Midland and GAT engaged in deceptive acts by collecting on a debt that was not owed by Plaintiff after they were informed the debt had been paid in full.

58. Defendants' conduct occurred in commerce during the collection of an alleged debt.

59. Plaintiff suffered emotional damages because of this conduct by Defendant.

60. As a result of each and every violation of the Washington Consumer Protection Act, Plaintiff is entitled to any actual damages, costs, and attorneys fees pursuant to RCW § 19.86.090.

61. Plaintiff is further requesting the court treble damages pursuant to RCW § 19.86.090 due to the reprehensible nature of Defendant's conduct.

///

///

///

## Prayer For Relief

- WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- An award of actual damages pursuant to RCW § 19.86.090;

- An award of costs of litigation and reasonable attorney's fees, pursuant to RCW § 19.86.090;

- An award of treble damages pursuant to RCW § 19.86.090.

///

///

///

///

///

///

///

///

///

///

///

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group**

Date: June 24, 2016

By: *s/ Ryan L. McBride*
Ryan L. McBride
Attorneys for Plaintiff

Joshua B. Swigart, Esq. (SBN 49422)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Abbas Kazerounian (SBN 48522)
ak@kazlg.com
Ryan L. McBride
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiff
William Sherman